UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JACOB EVERETT HENRY,

     Plaintiff,

v.                           Case No.:  2:20-cv-461-JLB-MRM

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

     Defendant, the Commissioner of Social Security (the "Commissioner"), filed

an Unopposed Motion for Entry of Judgment with Remand on April 15, 2021.

(Doc. 22).  The Commissioner requests remand under sentence four of 42 U.S.C. §

405(g) for the following reasons:

> The Commissioner believes remand is appropriate to have the agency:  re-evaluate the relevant medical evidence of record; re-assess Plaintiff's residual functional capacity; proceed through the sequential evaluation process as needed and appropriate based on the record; offer the claimant an opportunity for a new hearing; take any further action to complete the administrative record and issue a new decision.

(*See* Doc. 22 at 1).

     The Commissioner advises that Plaintiff's counsel does not object to the relief

requested.  (*Id.* at 1).

Pursuant to sentence four of 42 U.S.C. § 405(g), the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). When a case is remanded under sentence four of § 405(g), the district court's jurisdiction over the plaintiff's case is terminated. *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996); *Sullivan v. Finkelstein*, 496 U.S. 617, 625 (1990) (finding that a district court's order remanding under sentence four of § 405(g) "terminated the civil action challenging the Secretary's final determination that respondent was not entitled to benefits").

"Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand." *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993).

A remand under sentence four of § 405(g) "is based upon a determination that the Commissioner erred in some respect in reaching the decision to deny benefits." *Jackson*, 99 F.3d at 1095. Here, the Commissioner concedes error by requesting a reversal of the Commissioner's decision.

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1.     The presiding United States District Judge **GRANT** the Unopposed Motion for Entry of Judgment with Remand. (Doc. 22).

2.      The decision of the Commissioner be **REVERSED** and this case be **REMANDED** under sentence four of 42 U.S.C. § 405(g) for further administrative action consistent with the Unopposed Motion for Entry of Judgment with Remand. (*See* Doc. 22 at 1).

3.      If Plaintiff prevails in this case on remand, Plaintiff be compelled to comply with the Order (Doc. 1) entered on November 14, 2012, in Miscellaneous Case No. 6:12-mc-124-Orl-22.

4.      The Clerk of Court be directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on April 15, 2021.

Mac R. McCoy
United States Magistrate Judge

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties