UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JACOB EVERETT HENRY,

    Plaintiff,

v.                                                          Case No.:  2:20-cv-461-JLB-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff filed Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. 2421(d) on July 15, 2021.  (Doc. 26).  Plaintiff states that the Commissioner does not object to the relief requested.  (*See id.* at 4).[1]  The matter was referred to the Undersigned for a Report and Recommendation.  Because the relief requested is not contested or opposed, (*see id.*), the Undersigned deems this matter to be ripe for consideration before the response period prescribed by M.D. Fla. R. 3.01(c) expires.  For the reasons below, the Undersigned respectfully recommends that the presiding United States District Judge **GRANT in part** and **DENY in part** Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. 2421(d) (Doc. 26).

---

[1]  Page number citations to the docket refer to the CM/ECF pagination, not the page numbers listed at the bottom of any given document.

## PROCEDURAL BACKGROUND

On April 22, 2021, the Court entered an Order reversing and remanding this action to the Commissioner under sentence four of 42 U.S.C. § 405(g) for the Commissioner to: "re-evaluate the relevant medical evidence of record; re-assess Plaintiff's residual functional capacity; proceed through the sequential evaluation process as needed and appropriate based on the record; offer the claimant an opportunity for a new hearing; take any further action to complete the administrative record and issue a new decision." (Doc. 23 at 1; Doc. 24). Thereafter, on July 15, 2021, Plaintiff filed the request *sub judice* seeking an award of $8,689.24 in attorney's fees, an award of $24.00 in paralegal fees, an award of $400.00 in costs, and an award of $21.15 in expenses, all under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 26 at 1).

The Undersigned evaluates Plaintiff's request for fees, costs, and expenses under the appropriate legal standards below.

## ANALYSIS

Plaintiff must meet five (5) conditions to receive an award of fees under the EAJA: (1) Plaintiff must file a timely application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Moreover, the

2

Court must determine whether the number of hours counsel claims to have expended on the matter, counsel's requested hourly rates, and the resulting fees are all reasonable. *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The Court must also determine whether payment should be made to Plaintiff's counsel or to Plaintiff directly after the United States Department of Treasury determines whether Plaintiff owes any federal debt. *See Astrue v. Ratliff*, 560 U.S. 586, 588 (2010). Additionally, the Court must determine whether costs may be awarded to Plaintiff under 28 U.S.C. § 2412 and as enumerated in 28 U.S.C. § 1920. Finally, the Court must determine whether expenses may be awarded to Plaintiff under 28 U.S.C. § 2412.

    **A.**    **Plaintiff's Request Is Timely.**

A fee application must be filed within thirty (30) days of the final judgment and this requirement is jurisdictional in nature. *See* 28 U.S.C. § 2412(d)(1)(B). A final judgment is a judgment that is no longer appealable, and a party has sixty (60) days from the date of the entry of judgment to file an appeal. Fed. R. App. P. 4(a); *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990). Therefore, Plaintiff has ninety (90) days from the date of the entry of final judgment to file an application for EAJA fees. Fed. R. App. P. 4(a); *Myers*, 916 F.2d at 672.

In this case, the Clerk of Court entered a final judgment on April 23, 2021, (Doc. 25), and Plaintiff filed Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. 2421(d) less than ninety (90) days later on July 15, 2021, (Doc. 26). Therefore, the Undersigned finds that Plaintiff timely filed Plaintiff's Unopposed

Petition for EAJA Fees Pursuant to 28 U.S.C. 2421(d) (Doc. 26).  *See Myers*, 916 F.2d at 672.

      **B.**     **Plaintiff Meets All Other Requirements Under the EAJA.**

The Commissioner does not contest that Plaintiff meets the remaining requirements under the EAJA.  (*See* Doc. 26 at 4).  Upon consideration of the record and the representations in Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. 2421(d) and supporting materials (*Id.* at 2, 6-7), the Undersigned finds that all other requirements under the EAJA for a fee award are met.  *See* 28 U.S.C. § 2412(d); *Jean*, 496 U.S. at 158.

      **C.**     **The Hours Expended, the Hourly Rates Requested, and the Resulting Fees Requested Are All Compensable.**

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate.  *Jean*, 863 F.2d at 773.  The resulting fee carries a strong presumption that it is a reasonable fee.  *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).

Moreover, EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  Thus, determining the appropriate hourly rate is a two-step process.  The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate.  *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992).  The prevailing

market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Additionally, paralegal fees are compensable at prevailing market rates for paralegals, *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008), for work traditionally done by an attorney, *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988).

Plaintiff's counsel states that Carol Avard expended 33.40 hours in this case, that Mark Zakhvatayev expended 5.50 hours in this case, and that counsel spent 2.30 hours preparing the fee petition. (*See* Doc. 26 at 3). Accordingly, Plaintiff's counsel seeks compensation for a total of 41.20 hours (33.40 + 5.50 + 2.30 = 41.20 hours). (*See id.*). Further, Plaintiff's counsel requests the hourly rate(s) of $207.50 for 2020 and $211.25 for 2021. (Doc. 26 at 3). After a careful review, the Undersigned finds that the number of hours expended is reasonable and that the hourly rates requested are reasonable, customary, and appropriate under controlling law.

Plaintiff seeks a total fee award in the amount of $8,689.24 calculated as follows:

    Fees for hours expended by Carol Avard:
    2020: 3.8 hours x $207.50/hour = $788.50
    2021: 29.60 hours x $211.25/hour = $6,253.00

    Fees for hours expended by Mark Zakhvatayev:
    2021: 5.50 hours x $211.25/hour = $1,161.87

>Fees expended in preparing the fee petition:[2]
>2021: 2.30 hours x $211.25 = $485.87

>Total:  $788.50 + $6,253.00 + $1,161.87 + $485.87 = $8,689.24

(*See* Doc. 26-1 at 13).  The Undersigned adopts and approves these calculations, finds that the resulting fees are reasonable, and recommends that attorney's fees be awarded to Plaintiff in the amount of $8,689.24, as requested.

As to the paralegal fees, Plaintiff's counsel states that a paralegal expended 0.4 hours in this case. (*Id.*).  Additionally, Plaintiff seeks an hourly rate of $60.00 for the work performed by the paralegal. (*Id.*).  Accordingly, Plaintiff seeks a fee award in the amount of $24.00, calculated as follows:

>0.4 hours x $60.00/hour = $24.00

(*Id.*).  The Undersigned adopts and approves these calculations.

As noted above, paralegal fees are compensable at prevailing market rates for paralegals, *Richlin Sec. Serv. Co.*, 553 U.S. at 590, for work traditionally done by an attorney, *Jean*, 863 F.2d at 778.  Here, the work performed by the paralegal involved electronic filing via CM/ECF.  (Doc. 37-1 at 13).  The Court has previously found that electronic filing via CM/ECF is a clerical task and, therefore, not compensable under the EAJA.  *See Jipson v. Comm'r of Soc. Sec.*, No. 2:13-cv-450-FtM-38DNF, 2014 WL 2951824, at *3 (M.D. Fla. July 1, 2014) (citations omitted).  Additionally,

---

[2] Although the documentation attached to the motion does not indicate which attorney performed this work, the Undersigned finds that it is compensable. Moreover, because the attorneys request the same rates for 2021, the Undersigned recommends the request be granted notwithstanding the insufficiency of the documentation.

6

the Court has denied unopposed petitions for EAJA fees to the extent the petition sought paralegal fees for clerical tasks. *See Ward v. Astrue*, No. 3:11-cv-523-J-TEM, 2012 WL 1820578, at *3 (M.D. Fla. May 18, 2012). Thus, the Undersigned recommends that the request for paralegal fees be denied.

    **D.    Payment Should Be Made to Plaintiff's Counsel.**

Plaintiff also filed an executed Attorney Fee Contract for Social Security Benefits/SSI Fee Agreement – Federal Court. (Doc. 26-2). This assignment states in relevant part:

> If my attorney is successful in federal court review, either by having my case sent back to the Social Security Administration for further evaluation (a remand), or by obtaining my benefits outright by court order, I understand that she will be entitled to an attorney fee and reimbursement of her costs for her work in federal court.
>
> I also understand that my attorney will request that the court order the government to pay the attorney's fees for her federal court work. This payment may be for either an order remanding the case to Social Security, or for an order directing paying of benefits, pursuant to the Equal Access to Justice Act (EAJA). If this happens, **I hereby assign any court awarded EAJA attorney fees and costs, for federal court work only, to my attorney. I also give my attorney a Power of Attorney to sign any EAJA Fee check made out in my name.**

(*Id.* at 1 (emphasis in original)). Consistent with this executed assignment, the Undersigned recommends that the Court allow the fees to be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that no federal debt is owed.

7

**E.     Plaintiff Is Also Entitled to an Award of Costs and Expenses.**

Lastly, Plaintiff seeks $400.00 in costs for the filing fee and $21.15 in expenses for the fee for service of process.  (*See* Doc. 26-1 at 14).  Under 28 U.S.C. § 2412 and as enumerated in 28 U.S.C. § 1920, the cost of the filing fee may be awarded to the prevailing party.  Therefore, the Undersigned recommends that the $400.00 cost for the filing fee be awarded to Plaintiff.  Additionally, the $21.15 in expenses relating to service of process appear to the Undersigned to be reasonable and within the Court's discretion to award.  *See Volk v. Astrue*, No. 3:11-cv-533-J-TEM, 2012 WL 5387967, at *1 (M.D. Fla. Nov. 2, 2012).  Thus, the Undersigned also recommends that the $21.15 in expenses relating to service of process be awarded to Plaintiff.

## CONCLUSION

For the reasons above, the Undersigned **RESPECTFULLY RECOMMENDEDS** the following:

1. That Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. 2421(d) (Doc. 26) be **GRANTED in part and DENIED in part** as set forth below.

2. That the Court award Plaintiff $8,689.24 in attorney's fees.

3. That the Court also award Plaintiff $400.00 in costs.

4. That the Court award Plaintiff $21.15 in expenses.

5. That these fees, costs, and expenses be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that no federal debt is owed.

6. That the Court deny Plaintiff's request for $24.00 in paralegal fees.

7. That the Court direct the Clerk of Court to enter an amended judgment accordingly.

Respectfully recommended in Chambers in Ft. Myers, Florida on July 23, 2021.

Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record

Unrepresented Parties